(78 South. 640)

KNOTTS v. STATE.   (4 Div. 531.)*

(Court of Appeals of Alabama.   March 12, 1918.   Rehearing Denied April 2, 1918.)

1. HOMICIDE ⬤⟿192—WITNESSES ⬤⟿330(1)— ASSAULT WITH INTENT TO KILL—EVIDENCE —CROSS-EXAMINATION.

In a prosecution for assault with intent to murder, where defendant stopped prosecuting witness on the highway and shot him, it was not error to exclude a question to the prosecuting witness, on cross-examination, as to whether his answer to defendant's question at the time of the shooting, "What about you and Pa this morning?" was true or false, since it would be unreasonable to suppose that the witness would admit his former testimony was false and since the verity of the facts inquired about was not at issue, nor were the details of such other difficulty admissible, except as to the question of who was the aggressor.

2. CRIMINAL LAW ⬤⟿1170½(5) — HARMLESS ERROR.

If the exclusion of such question was error, it was harmless.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Jack Knotts was convicted of assault with intent to murder, and he appeals. Affirmed.

<hr>

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 280.                      *Certiorari denied 201 Ala. 699, 78 South. 989.

W. L. and R. S. Parks, of Andalusia, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted of the offense of assault with intent to murder. On this appeal, the only question presented is the ruling of the court in sustaining the objection of the state to a question propounded to the state's witness Allen, on cross-examination, by the defendant. Allen was the person assaulted, and on his direct examination stated that the defendant was at his (defendant's) father's home, and that witness was passing along the public road in front of the house on his way home from Troy, and defendant left the house and came out to the road and stopped witness, and said to him, "What about that fuss you and Pa had this morning?" In reply witness stated to him the circumstances of the difficulty, whereupon defendant slapped him, and in the fight that ensued the defendant shot at him with a pistol three times; one shot striking him in the right breast and one in the back and one shot missed him. That the bullets were still in his body and that he was laid up a month or a month and a half as a result of these wounds. On cross-examination of this witness he was asked by defendant's counsel whether his statement of the details of the difficulty with defendant's father on the morning preceding was true or not; the exact question, as shown by the record, being, "Was the statement that you made to him when he asked the question, 'What about you and Pa this morning?' true or false?" to which question the court sustained an objection interposed by the state, and defendant excepted.

[1] It is insisted that this question should have been permitted, because the court could not know what the answer of the witness would be. While it is true that the court could not know what the answer of the witness would be, it would be unreasonable to conclude that the witness who had just been sworn to speak the truth, the whole truth, and nothing but the truth, etc., would, immediately after having testified to a state of facts as having existed, in the next breath admit that such facts as sworn were untrue. Furthermore, the verity of the facts of the former difficulty between witness and defendant's father was not an issue, nor were the details of said difficulty admissible on the trial of the case at bar, except in shedding light upon the question as to who was the aggressor, or who brought on the difficulty. The evidence showed that the defendant had been at his father's place with his father all during the day after the difficulty had occurred between the father of the defendant and the state witness Allen,

and it would not be unreasonable to conclude that the defendant had learned of the difficulty from his father, and that when Allen passed the house in the afternoon and was stopped by defendant, and accosted by him as to the difficulty, his purpose in so doing was not to gain information as to the particulars of the difficulty between his father and the witness, but was to raise the difficulty with said witness which followed. The law is that before the defendant could invoke the doctrine of self-defense, he must be free from fault in bringing about the condition that made it necessary for him to shoot Allen, in order to save himself from grievous harm or death.

[2] After a careful examination of the entire record in this case, we are of the opinion that there was no error in the ruling of the court complained of, or, if error at all, it was not of that character which would injuriously affect the substantial rights of the defendant when all the evidence in this case is considered.

The judgment of the lower court is affirmed.

Affirmed.